UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| H.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:25-CV-174 |
| v. | ) | |
| | ) | |
| SURYA HOTEL CORP. d/b/a MOTEL 6, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Protective Order [Doc. 8] asking the Court to designate Plaintiff's identity as H.A. for purposes of proceeding in this matter. On October 17, 2025, Plaintiff filed a Complaint [Doc. 1] against Defendant stating that she is a victim of sex trafficking and asserting claims against Defendant under the Trafficking Victims Protections Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595. Shortly after filing her Complaint, Plaintiff filed the instant motion asserting that she should be permitted to proceed by pseudonym in this matter because this matter involves highly sensitive, traumatic, and personal information and disclosure of identifying details in this matter could subject Plaintiff to further harm or retaliation. [Doc. 8].

Although Federal Rule of Civil Procedure 10(a) requires that, "[a]s a general matter, a complaint must state the names of all parties," the United States Court of Appeals for the Sixth Circuit has held that courts "may excuse plaintiffs from identifying themselves" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings."

*Doe v. Porter*, 370 F.3d 558, 560-61 (6th Cir. 2004). In determining whether a plaintiff may proceed under a pseudonym, the court must consider the following factors:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.*

None of Plaintiff's claims or allegations in this matter implicate governmental actors. Additionally, Plaintiff was born in 1990 and asserts that she was sex trafficked in 2019 and 2020, so Plaintiff is not a minor and was not a minor at the time the events at issue took place. [Doc. 1, p. 2-3]. Accordingly, neither the first nor fourth factors weigh in favor of granting Plaintiff permission to proceed under a pseudonym. Additionally, the third *Porter* factor does not weigh strongly either for or against permitting Plaintiff to proceed pseudonymously because while the litigation is unlikely to "compel plaintiff[] to disclose an intention to violate the law" as Plaintiff asserts she was "induced by force, fraud, and coercion…to engage in commercial sex," it will require discussion of illegal conduct, even if Plaintiff did not participate in illegal behavior intentionally or willingly. *Porter*, 370 F.3d at 560; [Doc. 1, p. 1].

At the same time, the second *Porter* factor weighs very heavily in favor of permitting Plaintiff to proceed by pseudonym because the nature of this suit will necessarily compel disclosure of information of the utmost intimacy. Further, "[c]ourts in cases that involve victims of sex traffickers routinely allow plaintiffs, at least at the early stages of the litigation, to proceed under a pseudonym due to the sensitive and intimate nature of their allegations." *H.G. v. Inter-Continental Hotels Corp.*, 489 F. Supp. 3d 697, 713 (E.D. Mich. 2020); s*ee also R.K. v. Choice Hotels Int'l, Inc.*, No. CV 25-1661, 2025 WL 2935249, at *1 (E.D. Pa. Oct. 14, 2025) (noting that

"courts frequently allow TVPRA plaintiffs to proceed under pseudonyms"); *Doe (A.M.G.) v. Red Roof Inns, Inc.*, No. 2:23-cv-4195, 2024 WL 4540093 (S.D. Ohio Oct. 22, 2024) (permitting a TVPRA plaintiff to proceed by pseudonym).

Based upon the foregoing, the Court finds that Plaintiff should be permitted to proceed under a pseudonym. As such, Plaintiff's Motion for Protective Order [Doc. 8] is **GRANTED**.[1] Plaintiff's identity shall continue to be designated as H.A. in any public filings in this matter pending further order of the Court.

    **SO ORDERED:**

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] The Court notes that Defendants have not yet been served in this matter, and as a result have not had an opportunity to respond to Plaintiffs' motion. After Defendants have been served, if they take a position in opposition to the arguments made by Plaintiff on this issue, then they may file a motion to reconsider.