**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| **H.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:25-cv-00174** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **SURYA HOTEL CORP. d/b/a MOTEL 6,** | ) | **Judge Clifton L. Corker** |
| | ) | |
| **Defendant.** | ) | **Magistrate Judge Cynthia R. Wyrick** |

# ANSWER

Defendant Surya Hotel Corp. ("Defendant") by and through counsel, hereby files this Answer to the Complaint filed by the Plaintiff identified as H.A. ("Plaintiff").

As an initial matter, Defendant objects to the vague and boilerplate language contained in the Complaint, which refers to multiple plaintiffs, multiple defendants, multiple hotels, and other factual allegations that conflict with the factual allegations contained in the Complaint. Without waiving that objection, Defendant states as follows:

1. Paragraph 1 contains a legal conclusion to which no response is required.

2. Paragraph 2 contains a legal conclusion to which no response is required.

3. Paragraph 3 contains a legal conclusion to which no response is required.

4. Paragraph 4 contains a legal conclusion to which no response is required. The Trafficking Victims Protections Reauthorization Act ("TVPRA") speaks for itself.

5. Paragraph 5 contains a legal conclusion to which no response is required. The language of the TVPRA speaks for itself.

6. Paragraph 6 contains no factual allegations to which a response is required. Plaintiff has failed to state a legal basis for her failure to identify herself.

7. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7.

8. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8.

9. It is admitted only that Defendant was a for-profit corporation registered to operate in Tennessee until approximately March 2023, after which time its registration was transferred to South Carolina. All other allegations contained in Paragraph 9 are denied.

10. It is admitted only that until approximately March 2023, Defendant managed and operated a Motel 6 franchise hotel located at 255 Heritage Boulevard in Newport, Tennessee. All other factual allegations contained in Paragraph 10 are denied.

11. Paragraph 11 refers to a "relevant period" that is not identified, and therefore Defendant cannot admit or deny the allegations contained therein.

12. Admitted.

13. Jurisdiction is not disputed.

14. Jurisdiction is not disputed.

15. Venue is not disputed.

16. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16. It is specifically denied, if such allegations are proven to be true, that Defendant had any notice of such activities.

17. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17. It is specifically denied, if such allegations are proven to be true, that Defendant had any notice of such activities.

18. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18. It is specifically denied, if such allegations are proven to be true, that Defendant had any notice of such activities.

19. Denied.

20. Denied.

21. Paragraph 21 contains a legal conclusion to which no response is required. To the extent that Paragraph 21 contains any factual allegations against Defendant, the same are denied.

22. Paragraphs 22 contains redundant and immaterial recitations that contain no factual allegations against this Defendant to which any response is required and should be stricken from the Complaint.

23. Paragraph 23 contains redundant and immaterial recitations that contain no factual allegations against this Defendant to which any response is required and should be stricken from the Complaint.

24. Paragraph 24 contains redundant and immaterial recitations that contain no factual allegations against this Defendant to which any response is required and should be stricken from the Complaint.

25. Paragraph 25 contains redundant and immaterial recitations that contain no factual allegations against this Defendant to which any response is required and should be stricken from the Complaint.

26. Paragraph 26 contains redundant and immaterial recitations that contain no factual allegations against this Defendant to which any response is required and should be stricken from the Complaint.



Case 2:25-cv-00174-DCLC-CRW Document 21 Filed 08/27/26 Page 3 of 7 PageID #: 121

27. Paragraph 27 contains redundant and immaterial recitations that contain no factual allegations against this Defendant to which any response is required and should be stricken from the Complaint.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent that Paragraph 28 contains any factual allegations, the same are denied.

29. Paragraph 29 contains redundant and immaterial recitations that contain no factual allegations against this Defendant to which any response is required and should be stricken from the Complaint.

30. Denied.

31. Denied, including all subparts.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Paragraph 38 contains a legal conclusion to which no response is required.

39. Defendant admits only that it was involved in the staffing and operation of the subject hotel. All other facts are denied.

40. Paragraph 40 contains a legal conclusion to which no response is required.

41. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41.

42. Paragraph 42 contains a legal conclusion to which no response is required.

43. Paragraph 43 contains a legal conclusion to which no response is required.

44. Paragraph 44 contains a legal conclusion to which no response is required.

45. Subsection (a) of Paragraph 45 is denied. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 45, but specifically denies that it had any notice of such acts.

46. Denied.

47. Denied.

48. Paragraph 48 contains a legal conclusion to which no response is required.

49. Defendant lacks sufficient information or knowledge to admit or deny the factually allegations contained in Paragraph 49, but specifically denies that it had any notice of such acts.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Paragraph 54 contains no factual allegations and should be stricken from the Complaint.

55. Denied.

56. Denied.

57. Denied.

58. The allegations in Paragraph 58 refer to parties other than Defendant. To the extent that such allegations are directed at Defendant, the same are denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied, including subparts.

63. Denied.

64. Denied.

65. Denied.

66. Denied, including subparts.

67. Denied.

68. Admitted.

69. Defendant lacks sufficient information or knowledge to admit or deny the factually allegations contained in Paragraph 69, but specifically denies that it had any notice of such acts.

70. Denied.

71. Defendant lacks sufficient information or knowledge to admit or deny the factually allegations contained in Paragraph 71, but specifically denies that any of Plaintiff's alleged injuries resulted from any act or omission on the part of Defendant.

72. All previous factual allegations not specifically admitted or denied are hereby denied, and strict proof thereof is demanded.

73. Defendant denies that Plaintiff is entitled to any of the relief she seeks under her Prayer for Relief from this Defendant.

AFFIRMATIVE DEFENSES

74. Plaintiff's Complaint consists of boilerplate language so vague and general as to fail to state a claim against this Defendant upon which relief may be granted.

75. Plaintiff's Complaint fails to state an *ad damnum*, and therefore fails to state a claim upon which relief may be granted.

76. Discovery has not commenced, and Defendant reserves the right to amend this Answer as further information is discovered.

77. Defendant requests that the Court impanel a jury of twelve (12) persons to try this cause, and to enter a judgment in favor of Defendant and against Plaintiff.

Respectfully submitted:

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
Lewis Thomason, P.C.
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Phone: 615-259-1366
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com
*Counsel for Defendant Surya Hotel Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of August, 2026, a copy of the foregoing was filed with the Court. A copy of the following document was sent to the following via Court's ECF system:

J. Alexander Marcinko
Ashley Ventrillo
ANDREOZZI + FOOTE
4503 North Front Street
Harrisburg, PA 17110
Ashley@vca.law
TeamD@vca.law
*Pro Hac Vice Counsel for Plaintiff H.A.*

*/s/ Peter Robison*
Peter C. Robison