UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| H.A.,<br><br>Plaintiff,<br><br>v.<br><br>SURYA HOTEL CORP.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO.: 2:25-cv-174 |

**SCHEDULING ORDER**

A scheduling conference was held in this matter by in chambers teleconference on October 5, 2026. Present before the Court were Ashley Ventrillo on behalf of Plaintiff and Peter C. Robison on behalf of Defendant. The parties advised that they would be ready to try the matter in late 2027, which the Court found to be a reasonable timeframe given the nature of the case.

**1.** **Introduction:** Pursuant to Fed. R. Civ. P. 16(b), the Court sets forth the following scheduling order with the key scheduling deadlines being listed below and with information as to those deadlines being set forth herein.

| Important Scheduling Dates | |
|---|---|
| Trial Date- Jury | **December 7, 2027, at 9:00 a.m.** |
| Estimated Length of Trial | **4 Days** |
| Final Pretrial Conference | **November 8, 2027, at 1:30 p.m.** |
| Dispositive and *Daubert* Motions Due | **August 9, 2027** |
| Non-dispositive Motions Due | **September 8, 2027** |
| Fact Discovery Cut-Off | **July 9, 2027** |

| | |
|---|---|
| Expert Disclosure Deadline: | **Plaintiff: May 11, 2027**<br>**Defendant: June 10, 2027**<br>**Rebuttal: June 24, 2027** |
| Expert Discovery Cut-Off | **July 9, 2027** |
| Final Exhibit and Witness Lists and Deposition Designations | **November 5, 2027** |
| Proposed Pretrial Order | **5 days before Final Pretrial Conference** |

**2.** **Jurisdiction:** In this case, the subject matter jurisdiction of the Court has been invoked pursuant to 28 U.S.C. § 1332 and is not in dispute.

**3.** **Consent to a Magistrate Judge:** The parties have consented that all proceedings in this case may be conducted by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

**4.** **Settlement/Alternative Dispute Resolution:** The parties have been advised of the availability of the Federal Court Mediation Program and shall consider utilization of the program. If the parties elect to utilize mediation or another alternative dispute resolution mechanism, they are requested to notify the Greeneville Division Manager, with any correspondence being directed to: Jason Keeton, Mediation Coordinator, United States Courthouse, 220 West Depot Street, Greeneville, Tennessee 37743.

If the parties have not mediated by **August 9, 2027,** the parties shall jointly file a report advising the Court whether an agreement has been reached to utilize mediation or if mediation has occurred but was unsuccessful. If no agreement to utilize mediation has been reached, the report must contain an explanation as to why the matter is not appropriate for mediation. Unless the matter is shown to be unsuitable, the Court may, with or without the agreement of the parties, and except for those cases exempted pursuant to Local Rule 16.3, refer all or part of the underlying dispute to mediation.

**5.** **Disclosure and Discovery; Including Experts:**

a. **Rule 26(f) Meeting and Discovery Plan**: If the parties have not already conducted a Rule 26(f) planning meeting, they shall do so immediately and, in any event, shall file the required discovery plan conforming to the provisions of Rule 26(f) no later than **November 6, 2026**.

b. **Electronic Discovery:** Any electronically stored information may be produced by email or a flash device/CD, through appropriately secure means, in accordance with the Federal Rules of Civil Procedure.

c. **Initial Disclosures**: The parties advised that they had already made their initial disclosures in this matter as required by Rule 26(a)(1).

d. **<u>Protective Orders</u>:** In the event a need for a protective order arises, the parties shall endeavor to reach an agreement and submit an agreed order to the Court for approval. In the absence of an agreed order, counsel may file a motion for a protective order.

If electronic information or other material that is subject to a claim of privilege or protection as trial preparation material is produced in discovery, the party asserting such claim may notify any party that received the information of that claim, including the basis for the claim; and after being notified, a party receiving the information subject to such claim must promptly return, sequester or destroy the specified information and any copies of it, and may not use or disclose the information until the claim is resolved by the Court or agreement of the parties.

e. **<u>Expert Testimony</u>**: Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2)(B) and (C) shall be made by the plaintiff on or before **May 11, 2027,** and by defendant on or before **June 10, 2027**. Parties shall disclose rebuttal expert testimony by **June 24, 2027**. See Section 6(d) regarding expert-related motions.

f. **<u>All Discovery</u>**: All fact discovery shall be completed by **July 9, 2027**. **Requests for written discovery and requests to admit must be submitted sufficiently in advance of this deadline to provide a full 30 days for the responding party to answer prior to the expiration of the discovery deadline.** All expert discovery, including expert depositions, shall be completed by **July 9, 2027**. The parties may agree in writing to an extension of these deadlines, but no such agreement will affect the trial date or the motion deadlines herein.

g. **<u>Motions to Compel</u>**: Prior to filing motions to compel, the parties shall contact chambers to notify the Court of a dispute and schedule a time for a telephone conference to attempt to reach a resolution. Before contacting the Court, the parties shall meet and confer (which may be by telephone, videoconference, or in person) to meaningfully attempt to resolve the dispute without court intervention.

## 6. <u>Other Scheduling Matters and Motion Practice</u>

a. **<u>Amendment of Pleadings/Joinder</u>**: Any motion by the parties to amend the pleadings or add parties shall be filed on or before **August 9, 2027**. A continuance of the trial shall not extend this deadline.

b. **<u>Dispositive Motions:</u>** All dispositive motions under Rules 12 and 56 shall be filed on or before **August 9, 2027**. Untimely motions may be summarily denied. Per Local Rule 7.1(a), the responding party(ies) shall have twenty-one (21) days after the date a dispositive motion is filed to respond, after which time the Court may proceed to rule upon the motion based upon the record as it then appears.

c. **<u>Special Instructions for Summary Judgment Motions:</u>** Summary judgment motions shall be accompanied by a separate, concise statement of the material facts as to which

the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph, and supported by no more than two citations to the record. The party opposing the motion shall file with his/her brief in opposition, opposing affidavits, etc., a separate pleading that responds to each fact set forth by the movant that either (1) agrees that the fact is undisputed, (2) agrees that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (3) demonstrates that the fact is disputed, in which event there must be a specific citation to the record. Further, the non-movant's response may contain a concise statement of additional facts that the non-movant contends are material and disputed. Each disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record.

The parties are advised that fact statements shall not include argument. If either party fails to file the pleading required of him/her as set forth herein, the Court may strike that party's motion or opposition, as applicable.

d. **Expert Witness and *Daubert* Motions:** Objections to a proposed witness's qualifications, or that witness's competency to offer an expert opinion, or any objection to an expert's testimony under F.R.E. 701 through 706 and *Daubert*, shall be filed by **August 9, 2027**. Responses shall be filed within **twenty-one (21) days**.

**Any such objection must be filed by this date or any extension thereof. Otherwise, the objection is deemed waived. If a party desires to take a discovery deposition of an expert prior to filing an objection under this paragraph, they must do so and file the objection by the deadline.**

e. **Motions in Limine and Other Non-dispositive Motions:** Motions in limine (with supporting authority) relating to exhibits, depositions (including video depositions), and witnesses (other than experts) and all other non-dispositive motions must be filed by **September 8, 2027,** and may be heard at the final pretrial conference. Responses must be filed at least **fourteen (14) days** prior to the final pretrial conference.

If a motion regarding exclusion of a portion of a recording is granted, the recording must be edited before trial to conform to the Court's order, or it will not be admitted into evidence.

The Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony pursuant to Fed. R. Evid. 702 must be filed on or before the *Daubert* motion deadline set forth in Section 6(d).

f. **Final Exhibit and Witness Lists and Deposition Designations/Pretrial Disclosures:** On or before **November 5, 2027**, the parties shall make pretrial disclosures in accordance with the following:

Provide to all parties a final witness list in accordance with Rule 26(a)(3). The list may be supplemented within **five (5) days** after service. After that time the list shall only be supplemented with leave of the court and for good cause;

Exchange exhibit lists and designations of depositions, or portions thereof, to be placed in evidence and produce the exhibits for inspection by the opposing parties; and

Furnish opposing parties a list of damages if damages are claimed.

Parties may file objections after the exhibit list exchange for the *limited* purpose of raising objections to authenticity and/or admissibility. Objections must be filed at least **seven (7) days** prior to the final pretrial conference. Unless written objection is made to the authenticity and/or admissibility of an exhibit, objections to the authenticity and/or admissibility of the exhibit is deemed waived unless excused for good cause.

**Failure to fully comply with this section will likely result in the exclusion of these items from use at trial in that party's case-in-chief.**

g. **Depositions for Evidence**: Depositions for evidence (proof) shall be completed **four (4) months** prior to trial unless all parties agree otherwise, which agreement shall be memorialized in writing (and not be filed with the Court), or unless leave of Court is granted.

i. **Extensions of time.** The parties may agree to extend the deadline for any disclosure required by Rule 26 or this scheduling order, but such agreement must be in writing to be effective. However, the deadlines for filing motions shall remain applicable, and will be extended only with court permission.

**7. Final Pretrial Conference and Pretrial Orders**

a. **Final Pretrial Conference:** A final pretrial conference will be held on **November 8, 2027, at 1:30 p.m. On or before the date of the pretrial conference**, the parties shall **jointly** file an exhibit list and produce all exhibits that will be used at trial with labels and numbers. The exhibits shall be sequentially numbered with Plaintiff's exhibits first and Defendants' exhibits thereafter. Plaintiff's exhibits will be numbered one through the last exhibit Plaintiff expects to introduce and Defendants' exhibit numbers will commence with the number immediately following Plaintiff's last exhibit. Counsel will provide the Court with the original and two copies of exhibits. The final pretrial conference will be held in-person.

b. **Final Pretrial Order:** A proposed final pretrial order shall be filed no less than **five (5) days** before the final pretrial conference. The order shall contain the following recitals:

(1) Jurisdiction

(2) Admissions and Stipulations. The parties shall set out in numbered paragraphs each fact that is not in dispute. The parties are reminded that the Court, in an effort to reduce the need for evidence at and length of trial, expects the parties to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, the section will be read to the jury, and the jury will be instructed to accept these facts as true.

(3) General Nature of the Claims of the Parties:

i. Summary of plaintiff's theory. For each defendant, each plaintiff shall concisely state each legal theory relied upon and the factual allegations the plaintiff expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A plaintiff is expected to know the claims and be able to state precisely and succinctly the issues to be tried. Each claim must be set out in a separately numbered and labeled paragraph.

ii. Summary of defendant's theory. For each claim against a defendant, each defendant shall concisely state each legal theory relied upon and the factual allegations the defendant expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A defendant is expected to know the defenses and must state precisely and succinctly the issues to be tried. Each defense must be set out in a separately numbered and labeled paragraph.

(4) Contested Issues of Law

(5) Damages. If damages cannot be stipulated, each party must show the method by which damages should be calculated if awarded.

(6) Other Trial Information and Other Matters.

i. That the pleadings are amended to conform to the pretrial order.
ii. Estimated length of trial (in working days).
iii. Possibility of settlement.

**Forty-five (45)** days before the final pretrial conference (47 days if service by mail), plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to proposed pretrial order content. The parties shall make good faith efforts to reconcile all differences and without the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's counsel shall notify the undersigned's office at least **twenty-one (21) days** before the final pretrial conference that the parties have been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial

conference. Proposed amendments to a pretrial order entered *ex parte* by the magistrate judge may be sought by motion filed **ten (10) days** following entry of the order.

**Failure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action and the action dismissed if the fault is found to lie with Plaintiff(s). *See* Fed. R. Civ. P. 41(b). Likewise, the Court may refuse to allow Defendants(s) to present raised defenses if the fault is found to lie with Defendant(s). *See* Fed. R. Civ. P. 16(f); *see also Schreiber v. Moe*, 320 Fed. App'x, 312, 317 (6th Cir. 2008) ("[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements.").**

c. **Filings Required after Final Pretrial Conference:** At least **seven (7) days** before trial, counsel will:

(1) File a final witness list identifying only the witnesses that will definitely be used at trial. This list shall not identify any witness not appearing on the witness list referenced in Section 6(g);

(2) File a list of damages preferably stipulated to by all parties. If stipulation cannot be reached, each party must file a list showing the method of determining damages;

(3) File designations of depositions or portions thereof which will be read at trial;

(4) File as an exhibit resumes of all expert witnesses; and

(5) File briefs of all contested issues of law;

(6) For non-jury issues, file proposed findings of fact and conclusions of law with citations of authority supporting the latter. For jury issues, file all special-request jury instructions with supporting authority.

**8.** **Trial:** The trial will in Greeneville, Tennessee before the United States Magistrate Judge and a jury beginning on **December 7, 2027, at 9:00 a.m.** The expected length of trial is four (4) days.

**9.** **Courtroom Technology Equipment:** The digital evidence presentation system facilitates and expedites hearings and trials. Attorneys are encouraged to familiarize themselves with this technology and to make full use of it. Counsel who intend to use the equipment should notify the courtroom deputy at least two days in prior to a hearing or trial so the equipment is ready for use. The courtroom deputy will be available following the final pretrial conference to assist counsel with the use of the equipment. Counsel may also contact the courtroom deputy to schedule an alternate time to familiarize themselves with the equipment.

10. **Conclusion:** A failure to comply with the provisions of this order likely will result in the exclusion of witnesses, exhibits, depositions, claims, defenses, or damages requests as necessary to address the failure.

**SO ORDERED:**

/s/Cynthia Richardson Wyrick
United States Magistrate Judge