IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **H.A.** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. **2:25-cv-00174-DCLC-CRW** |
| | : | |
| **SURYA HOTEL CORP. D/B/A MOTEL 6** | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

**CONSENT CONFIDENTIALITY AGREEMENT**

Plaintiff H.A. and Defendant Surya Hotel Corp. d/b/a Motel 6 (collectively, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree to the following terms governing the disclosure and use of confidential information in this action, and jointly move the Court to enter this Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

## I. Purpose and Scope

This action arises out of allegations that Plaintiff, a survivor of human trafficking and sexual exploitation, was trafficked at a Motel 6 property located at 255 Heritage Blvd., Newport, Tennessee 37821, in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595. The Court has already granted Plaintiff's Motion for Protective Order permitting her to proceed under the pseudonym "H.A." in all public filings.

Because the discovery process in this matter will necessarily involve the exchange of highly sensitive, private, and personal information including, without limitation, Plaintiff's true identity, medical and mental-health records, records concerning sexual assault and human

trafficking, law-enforcement investigative files, third-party identifying information, and Defendant's proprietary business, personnel, security, and guest records, the Parties agree that entry of this Stipulated Protective Order is necessary to protect the Parties and third parties from "annoyance, embarrassment, oppression, or undue burden or expense" within the meaning of Federal Rule of Civil Procedure 26(c).

## II. Definitions

- **"Confidential Information"** means any document, testimony, discovery response, electronically stored information, or other material produced or disclosed in this action that a Designating Party in good faith believes contains: (a) Plaintiff's true name, address, date of birth, Social Security number, or other personally identifying information; (b) medical, psychiatric, psychological, counseling, or substance-abuse records of Plaintiff or any third party; (c) records or information concerning the sexual assault, sexual exploitation, or trafficking of Plaintiff or any third party; (d) records or information identifying other alleged victims, witnesses, or minors; (e) law-enforcement investigative files, including juvenile records; (f) non-public financial, tax, insurance, or personnel records; (g) trade secrets or confidential business, security, franchise, or operational information; or (h) any other category of information the Designating Party in good faith believes is entitled to protection under Federal Rule of Civil Procedure 26(c).
- **"Designating Party"** means any Party or non-party that designates information as Confidential under this Order.
- **"Receiving Party"** means any Party that receives Confidential Information from a Designating Party.

- **"Qualified Person"** means the persons identified in Paragraph 5 below to whom Confidential Information may be disclosed.

## III. Designation of Confidential Information

A Designating Party may designate information as "CONFIDENTIAL" by: (a) stamping or otherwise marking each page of a document with the legend "CONFIDENTIAL" prior to production; (b) identifying deposition testimony as Confidential on the record during the deposition or, in writing, within thirty (30) days after receipt of the transcript; or (c) providing written notice designating specific interrogatory answers, requests for admission, or other discovery responses as Confidential. Designations shall be made in good faith and only as to information the Designating Party reasonably and in good faith believes qualifies for protection under Paragraph 2 or Federal Rule of Civil Procedure 26(c). Mass or indiscriminate designations are prohibited.

## IV. Use of Confidential Information

Confidential Information shall be used solely for purposes of prosecuting, defending, or attempting to resolve this action, and for no other purpose. Confidential Information shall not be used for any business, competitive, personal, publicity, media, or other purpose, and shall not be disclosed except as permitted by this Order.

Confidential information shall be designated by clearly stamping or marking the document (or relevant portion thereof) with the legend "CONFIDENTIAL" prior to production, or if inadvertently omitted, by written notice within a reasonable time after production.

## V. Persons Authorized to Receive Confidential Information

Confidential Information may be disclosed only to the following Qualified Persons:

1. The Parties and, in the case of Defendant, its officers, directors, and employees with a need to know for purposes of this litigation;

2. Counsel of record for the Parties, including attorneys, paralegals, legal assistants, and clerical staff at their respective firms (including Andreozzi + Foote and counsel for Defendant);
3. The Court, court personnel, court reporters, videographers, and mediators;
4. Experts and consultants retained by counsel for purposes of this litigation, provided such persons have first executed the Acknowledgment attached as Exhibit A;
5. Deponents and trial witnesses, to the limited extent necessary to prepare for or conduct testimony, provided such persons have first executed the Acknowledgment attached as Exhibit A;
6. Vendors engaged to provide litigation support services (e.g., copying, imaging, e-discovery hosting, translation), provided such vendors are bound by confidentiality obligations;
7. Insurers of a Party with a legitimate interest in the litigation; and
8. Any other person by written agreement of the Parties or by order of the Court.

Each individual receiving these materials shall receive them with the markings noted on the document as "Confidential" and must agree in writing to abide by the terms of this Agreement.

## VI. Plaintiff's Identity and Third-Party Identifying Information

Consistent with the Court's Order dated November 20, 2025 granting Plaintiff's Motion for Protective Order, Plaintiff's true identity shall be designated "CONFIDENTIAL" and shall be disclosed only to Qualified Persons. Plaintiff shall continue to be identified as "H.A." in all public filings, and any filing that would disclose Plaintiff's true name, address, date of birth, or other identifying information shall be filed under seal in accordance with the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 4] and Local Rule 26.2.

The identities of other alleged victims or minors, upon designation from the Court, shall likewise be treated as Confidential Information and shall not be disclosed outside the litigation.

## VII. Filing Under Seal

A Party wishing to file Confidential Information with the Court shall comply with the procedures set forth in the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 4], Local Rule 26.2, and ECF Rule 12.2, including the meet-and-confer and certification requirements applicable when one Party seeks to file another Party's or non-party's

designated material. The Parties acknowledge that designation of information as Confidential under this Order does not, standing alone, entitle a Party to file that information under seal, and any motion to seal must independently satisfy the standard set forth in *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), and *Rudd Equipment Co. v. John Deere Construction & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016).

**VIII. Depositions and Testimony.**

Deposition testimony concerning Confidential Information shall be treated as Confidential. Parties or testifying persons or entities may designate all or portions of depositions and other testimony as CONFIDENTIAL by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed CONFIDENTIAL until the time within which portions of the testimony may be appropriately designated as provided for herein has passed.

Any person that wishes to disclose the transcript, or information contained therein, before the time within which it may be appropriately designated as Protected Material has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as CONFIDENTIAL must designate the CONFIDENTIAL portions within fourteen (14) days, or else the transcript may be treated as non-confidential.

Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Stipulation, along with the transcript pages of the deposition testimony dealing

with such Protected Material. In such cases the court reporter shall be informed of this Stipulation. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulation, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Stipulation to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## IX. Challenges to Confidentiality Designations

A Receiving Party may challenge a Confidentiality designation at any time by providing written notice to the Designating Party identifying the material at issue and the basis for the challenge. The Parties shall meet and confer in good faith within fourteen (14) days of such notice. If the dispute is not resolved, the Designating Party shall bear the burden of moving the Court for an order maintaining the designation within twenty-one (21) days of the meet-and-confer. The material shall be treated as Confidential pending the Court's ruling.

## X. Inadvertent Production and Clawback

Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any document or information subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection shall not constitute a waiver of any privilege or protection in this or any other federal or state proceeding. Upon written notice of inadvertent production, the

Receiving Party shall promptly return, sequester, or destroy the specified information and any copies, and shall not use or disclose the information until the claim is resolved. The inadvertent failure to designate material as Confidential at the time of production shall not, standing alone, waive the right to designate such material as Confidential thereafter, provided the Designating Party gives prompt written notice upon discovery of the omission.

**XI. Third-Party Discovery**

Any non-party from whom discovery is sought may invoke the protections of this Order by designating produced material as "CONFIDENTIAL" in accordance with Paragraph 3. The Parties shall notify non-parties served with subpoenas of the existence of this Order and provide a copy upon request.

**XII. Return or Destruction at Conclusion of Litigation**

Within sixty (60) days after the final resolution of this action (including the exhaustion of any appeals), each Receiving Party shall, at the Designating Party's election, return or destroy all Confidential Information in its possession, custody, or control, and shall certify such return or destruction in writing. Counsel of record may retain one archival copy of pleadings, motion papers, deposition transcripts, expert reports, trial exhibits, and attorney work product, subject to the continuing obligations of this Order.

**XIII. No Waiver; Reservation of Rights**

Nothing in this Order shall be construed as: (a) an admission that any particular material is or is not admissible, relevant, or discoverable; (b) a waiver of any Party's right to object to any discovery request or the introduction of evidence; or (c) a limitation on a Party's right to use its own Confidential Information as it sees fit.

**XIV. Continuing Jurisdiction and Survival**

The Court shall retain jurisdiction to enforce, modify, or interpret this Order, including after the conclusion of this action. The obligations imposed by this Order shall survive the termination of this action.

## XV. Modification

This Order may be modified only by written agreement of the Parties and approval of the Court, or by further order of the Court upon motion and notice.

**SO STIPULATED AND AGREED:**

**Counsel for Plaintiff H.A.**

ANDREOZZI + FOOTE

By: *Ashley Ventrillo, Esq.*
Ashley Ventrillo, Esq. (Pro Hac Vice)
4503 N. Front Street
Harrisburg, PA 17110
Ph: (717) 525-9124 | Fax: (717) 525-9143
Email: TeamD@vca.law

Dated: October 8, 2026.

**Counsel for Defendant Surya Hotel Corp. d/b/a Motel 6**

LEWIS THOMASON, P.C.

*By: Peter C. Robison, Esq.*
Peter C. Robison, Esq.
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Phone: 615-259-1366
Email: probison@lewisthomason.com

Mikel A. Towe, Esq.
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

Dated: October 8, 2026.

## ORDER

Upon consideration of the foregoing Stipulated Protective Order and Consent Confidentiality Agreement, and finding good cause therefor pursuant to Federal Rule of Civil Procedure 26(c),

IT IS SO ORDERED.

Dated this ____ day of ___________, 2026.

________________________________________

Hon. Cynthia Richardson Wyrick
United States Magistrate Judge

## EXHIBIT A - ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________, declare under penalty of perjury that I have read the Stipulated Protective Order and Consent Confidentiality Agreement entered in *H.A. v. Surya Hotel Corp. d/b/a Motel 6*, No. 2:25-cv-00174-DCLC-CRW (E.D. Tenn.), and agree to be bound by its terms. I understand that any Confidential Information disclosed to me is provided solely for purposes of this litigation and shall not be used or disclosed for any other purpose. I consent to the jurisdiction of the United States District Court for the Eastern District of Tennessee for the purpose of enforcing this Order.

Signature: ______________________________

Name: ___________________________

Affiliation: _____________________________

Date: ________________________________