**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| **H.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:25-cv-00174** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **SURYA HOTEL CORP. d/b/a MOTEL 6,** | ) | **Judge Cynthia R. Wyrick** |
| | ) | |
| **Defendant.** | ) | |

---

# RULE 26(f) REPORT

---

Pursuant to Federal Rule of Civil Procedure 26(f) and the Order of the Court dated October 6, 2026, Doc. 27, Plaintiff H.A., ("Plaintiff") and Defendant Surya Hotel Corp. ("Defendant") jointly submit this Rule 26(f) Report describing their proposed discovery plan, trial preparation deadlines, and describing the issues discussed by the parties during their Rule 26(f) planning meeting.

1. Ashley Ventrillo, counsel for the Plaintiff, and Peter C. Robison, counsel for Defendant, participated in a Rule 26(f) conference on October 8, 2026 via videoconference.

2. **Initial Disclosures.** The parties will exchange information required by Fed. R. Civ. P. 26(a)(1) on or before **October 22, 2026**.

3. **Discovery Plan.** The parties propose the following discovery plan:

   a. Discovery will be needed on all matters pertaining to the allegations in the Complaint and the issues raised in the Answer. Liability, causation, injuries and damages are in dispute.

   b. Disclosure of discovery of electronically stored information should be handled as follows: Parties agree to preserve all electronic communications, including but not

limited to electronic mail. Unless otherwise agreed upon, the parties may disclosure/produce ESI in a hardcopy or static form (e.g. searchable .pdf), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than one form; however, after the production of electronic discovery in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file).

c. The parties anticipate exchanging documents and information regarding sensitive information, including the circumstances of alleged sex trafficking and business records that contain proprietary information. The parties have agreed to and submitted a proposed Consent Protective Order, Doc. 28.

d. If privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

e. The Court has already entered an order governing the timing of fact discovery, including depositions of the parties and fact witnesses.

f. Per the Federal Rules of Civil Procedure, the maximum number of depositions for each party is 10 depositions, and the maximum amount of actual testimony time is 7 hours. At this time, the parties agree this does not need to be altered.

g. The parties agree that electronic service of discovery requests, responses and document production is sufficient to comply with service under the Federal Rules of Civil Procedure and the Local Rules of this Court. Parties will need to request hard copies of any discovery requests, responses or document production. In serving the documents, the following individuals will be included:

   i. Ashley Ventrillo: ashley@vca.law, TeamD@vca.law

   ii. Kelsie Overton: kelsie@vca.law

   iii. Peter C. Robison: probison@lewisthomason.com

   iv. Mikel A. Towe: mtowe@lewisthomason.com

   v. Sofia Trefilova-Martin: strefilovamartin@lewisthomason.com

h. The Court has entered an order setting deadlines for disclosing retained experts under Rule 26(a)(2). Doc. 27.

**4. Other Scheduling Matters:**

a. The Court has entered a deadline for parties to amend pleadings and join parties. Doc. 27.

b. The Court has entered a deadline for Dispositive motions and *Daubert* motions. Doc. 27.

c. The parties have been advised of the availability of the Federal Court Mediation Program and shall consider utilization of the program. If the parties elect to utilize mediation or other alternative dispute resolution mechanism(s), they will notify the Greeneville Division Manger, with any correspondence directed to: Mediation Coordinator, United States Courthouse, 220 West Depot Street, Greeneville, Tennessee 37743.

The Court has entered a deadline for when must file a report notifying the Court if the parties have not mediated or advising the Court whether an agreement has been reached to utilize mediation or if mediation has occurred but it was unsuccessful. If no agreement to utilize mediation has been reached, the report must contain an explanation as to why the matter is not appropriate for mediation. Unless the matter is shown to be unsuitable, the Court may, with or without the agreement of the parties, and except for those cases exempted pursuant to Local Rule 16.3, refer all or part of the underlying dispute to mediation. Doc. 27.

d. Plaintiff will agree to sign releases to permit Defendant to obtain the Plaintiff's medical, employment, and education records to the extent such records are discoverable and relevant to this case, and Defendant agrees to provide copies of all documents obtained by way of the release to Plaintiff's counsel within fourteen days of receipt of said records.

e. Prior to filing motions to compel, the parties shall contact chambers to notify the Court of a dispute and schedule a time for a telephone conference to attempt to reach a resolution.

5. **Possibility of Settlement:** The parties discussed the possibilities for settling or resolving the case. The parties will be in a better position to discuss settlement after discovery has been at least partially completed.

6. **Trial and Pretrial Deadlines:**

a. This matter is set for jury trial on **December 7, 2027**, at the James H. Quillen Courthouse in Greenville, Tennessee, and is expected to last four days. Doc. 27.

b. The final pretrial conference shall be held in Greenville on **November 8, 2027**, at 1:30pm Eastern Time.

Respectfully submitted,


/s/Ashley Ventrillo, Esq.
Ashley Ventrillo (*Pro Hac Vice*)
ANDREOZZI + FOOTE
4503 North Front Street
Harrisburg, PA 17110
Ashley@vca.law
TeamD@vca.law
*Counsel for Plaintiff H.A.*

/s/ Peter Robison, Esq.
Peter C. Robison, BPR #27498
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Phone: 615-259-1343
probison@lewisthomason.com

Mikel A. Towe, BPR #32404
LEWIS THOMASON, P.C.
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Ashley Ventrillo*
Ashley Ventrillo